UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEAN HANNIFORD,

                Plaintiff,

-against-

CITY OF POUGHKEEPSIE, et al.,

                Defendants.

**OPINION AND ORDER**

21-CV-10359 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Dean Hanniford ("Plaintiff") initiated this action against the City of Poughkeepsie ("City"), City Sergeant Terrance Beam ("Beam"), and City Police Officer Edward Fenichel ("Fenichel") on December 5, 2021. (Doc. 1). Plaintiff filed a First Amended Complaint on May 20, 2022 (Doc. 21, "FAC")[1], asserting multiple claims for relief under 42 U.S.C. § 1983: malicious prosecution, false arrest, violation of a right to fair trial, excessive force; and a claim of municipal liability against the City under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). (*See generally*, FAC). On November 29, 2022, the Court granted in part the motion to dismiss the First Amended Complaint. (Doc. 35). Specifically, the Court dismissed Plaintiff's Fifth Claim for Relief (*Monell*) and dismissed the City as a Defendant in this action. (*Id.*). On April 11, 2023, Plaintiff withdrew with prejudice the Third Claim for Relief (excessive force) as to Beam only. (Doc. 45). Accordingly, the sole § 1983 claims remaining in this action are (i) malicious prosecution; (ii) false arrest; (iii) excessive force (against Fenichel only); and (iv) violation of right to a fair trial.

      Defendants Beam and Fenichel ("Defendants") filed their motion for summary judgment only as to the First, Second, and Fourth Claims for Relief in accordance with the briefing schedule set by the Court. (Doc. 46; Doc. 47, "56.1"; Doc. 48, "Posner Aff."; Doc. 49, "Beam Aff."; Doc.

---

[1] Citations to the Complaint correspond to the pagination generated by ECF.

50, "Fenichel Aff."; Doc. 51; Doc. 52, "Def. Br."; Doc. 53; Doc. 54). Plaintiff opposed Defendants' motion (Doc. 55; Doc. 56, "Pl. Br."), and the motion was fully briefed with the filing of Defendants' reply papers (Doc. 57, "Reply"; Doc. 58).

For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

The Court recites the facts herein only to the extent necessary to adjudicate the extant motion for summary judgment and draws them from the pleadings, Defendants' Rule 56.1 Statement and Plaintiff's responses thereto, and the admissible evidence proffered by the parties. Unless otherwise indicated, the following facts are undisputed.

In May 2020, Beam was part of a team running a controlled buy operation in Poughkeepsie, New York. (56.1 ¶¶ 16-18). Approximately one week before May 15, 2020, Beam and other officers formed a perimeter around the area where a controlled buy was expected to occur, and Beam was able to hear, in real time, the undercover officer's commentary on what was happening during his interaction with the seller. (*Id*. ¶¶ 18-20).[2] After the sale, the undercover officer described his successful purchase of narcotics to Beam. (*Id*. ¶¶ 22-23). Beam was also advised that

---

[2] The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York instruct that a "paragraph in the [movant's] statement of material facts . . . will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Civil Rule 56.1(c). Furthermore, "[e]ach statement by the . . . opponent . . . including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible . . . ." *Id*. at 56.1(d). Plaintiff, who is represented by counsel and previously had an opportunity to amend his responses to the 56.1 Statement (*see* March 28, 2023 minute entry), did not comply with Local Civil Rule 56.1 in many respects, including failing to provide citation showing a disputed material fact and pressing improper argument. (*See, e.g.*, 56.1 ¶¶ 20-26, 28-29, 31-35, 45-46, 49, 65-67, 71-72). Defendants pointed out Plaintiff's non-compliance with Local Civil Rule 56.1 in their moving brief (Def. Br. at 7), but Plaintiff did not attempt to remedy it. Under these circumstances, the Court "deem[s] admitted the facts asserted in [Defendants'] Local Rule 56.1 statement because they were not specifically controverted by [Plaintiff] in the manner demanded by Local Rule 56.1." *Malarczyk v. Lovgren*, No. 22-504, 2023 WL 8073099, at *1 (2d Cir. Nov. 21, 2023).

the seller had made an earlier narcotics sale to this same undercover officer. (*Id*. ¶ 24). On May 15, 2020, Beam again provided backup and surveillance at an undercover sale with the same seller, where he observed the sale from approximately 75 yards away and listened to the transaction in real time. (*Id*. ¶¶ 25-28). Plaintiff was later identified as the seller in each of these transactions. (*Id*. ¶ 75).

Prior to the narcotics sale on May 15, 2020, the State Police did not know Plaintiff's actual identity. At that time, Beam had informed Fenichel that the State Police preferred to identify the seller, but not arrest him, so they could continue their investigation. (*Id*. ¶¶ 30-31). Beam told Fenichel about the prior drug sales and that there was probable cause to arrest the seller, and advised Fenichel to try to obtain the seller's identification. (*Id*. ¶¶ 32-33). After the May 15th sale was completed, Beam advised Fenichel of the seller's location and description. (*Id*. ¶ 34). Beam told Fenichel that if the individual ran, there was probable cause to pursue and arrest him. (*Id*. ¶ 35). Fenichel approached a person matching the description of the seller (later identified as Plaintiff) and a struggle ensued with Fenichel. (*Id*. ¶¶ 37-39; Fenichel Aff. ¶ 9). Plaintiff ran away on foot. (56.1 ¶¶ 40-41). Eventually, New York State Troopers tracked down Plaintiff and took him into custody. (*Id*. ¶¶ 41-42).

Plaintiff, in connection with his struggle with Fenichel on May 15th, was charged with Resisting Arrest in violation of N.Y. Penal Law § 205.30, Second Degree Assault in violation of N.Y. Penal Law § 120.05(3), and Physical Injury in violation of N.Y. Penal Law § 120.00.02. (*Id*. ¶ 45; Posner Aff. Ex. E). No warrant was issued for Plaintiff's arrest as of May 15, 2020. (FAC ¶ 76). Plaintiff, thereafter, was indicted by a Dutchess County Grand Jury only for narcotics sales that took place on May 8, 12, and 15, 2020. (56.1 ¶¶ 46-47). Plaintiff pled guilty on July 19, 2021 to the narcotics charge which involved the May 15, 2020 transaction. (*Id*. ¶ 48). On August 12,

2021, Plaintiff again appeared in Poughkeepsie City Court and the resisting arrest/assault/physical injury charges were dismissed in the interest of justice. (*Id.* ¶ 70; Posner Aff. Ex. H).

This litigation followed.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F. Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).[3] "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). The Court's duty, when determining whether summary judgment is appropriate, "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id.* (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence; the task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial. . . ." *Bellotto v. Cty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)). Claims simply cannot proceed in the absence of sufficient proof as to an essential element.

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

4

"It is the movant's burden to show that no genuine factual dispute exists," *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)), and a court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id*. (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 442 F. Supp. 3d at 722 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts. . . ." *Id*. (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, "[i]f there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must establish also its "entitlement to judgment as a matter of law." *In re Davis New York Venture Fund Fee Litig.*, 805 F. App'x 79, 80 (2d Cir. 2020) (quoting *FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019)). Stated simply, the movant must establish that the law favors the judgment sought. *Gonzalez v. Rutherford Corp.*, 881 F. Supp. 829, 834 (E.D.N.Y. 1995) (explaining "that summary judgment is appropriate only when . . . law supports the moving party"); *Linares v. City of White Plains*, 773 F. Supp. 559, 560 (S.D.N.Y. 1991) (explaining that summary judgment is appropriate when "the law so favors the moving party that entry of judgment in favor of the movant dismissing the complaint is proper").

**ANALYSIS**

I.      First Claim for Relief: Malicious Prosecution

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Frost v. New York City Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (citing *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010)). Under New York and federal law, a plaintiff must allege: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *Franco v. Gunsalus*, No. 22-339, 2023 WL 3590102, at *4 (2d Cir. May 23, 2023) (quoting *Kee v. City of New York*, 12 F.4th 150, 161-62 (2d Cir. 2021)). "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 142 S.Ct. 1332, 1335 (2022). In addition, when pressing a malicious prosecution claim under § 1983, the plaintiff must show also "that there was (5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). Defendants contend that the malicious prosecution claim fails because probable cause existed to arrest Plaintiff. (Def. Br. at 13-17). The Court agrees.

"[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). "The arresting officer need not have had probable cause to arrest the plaintiff for the specific offense invoked by the officer at the time of the arrest, or the offense with which the plaintiff was charged."

6

*Tompkins v. City of New York*, 50 F. Supp. 3d 426, 433 (S.D.N.Y. 2014). Rather, probable cause "to arrest the suspect of any crime" will suffice. *Coleman v. City of New York*, No. 03-CV-04921, 2009 WL 705539, at *3 (E.D.N.Y. Mar. 16, 2009); *see also Butler v. Brito*, No. 15-CV-09718, 2017 WL 2116687, at *3 (S.D.N.Y. May 15, 2017). Separately, under the imputed knowledge doctrine, an arrest is permissible where the actual arresting officer lacks the specific information to form the basis for probable cause but "sufficient information to justify the arrest or search was known by other law enforcement officials initiating or involved with the investigation." *United States v. Colon*, 250 F.3d 130, 135 (2d Cir. 2001) (citing *United States v. Hensley*, 469 U.S. 221, 230-33 (1985)); *United States v. Canieso*, 470 F.2d 1224, 1230 n. 7 (2d Cir. 1972). This rule exists because, "in light of the complexity of modern police work, the arresting officer cannot always be aware of every aspect of an investigation" and "sometimes his authority to arrest a suspect is based on facts known only to his superiors or associates." *Colon*, 250 F.3d at 135 (citing *United States v. Valez*, 796 F.2d 24, 28 (2d Cir. 1986)).

Here, Beam had direct knowledge of Plaintiff's narcotics sales through his participation in the undercover operations on May 12th and 15th. Beam then communicated to Fenichel that probable cause existed to arrest Plaintiff. (*Id*. ¶ 35; Beam Aff. ¶ 10; Fenichel Aff. ¶ 8). It is well-settled that hearsay can be used to "establish probable cause." *Hamilton v. City of New York*, No. 15-CV-04574, 2019 WL 1452013, at *11 (E.D.N.Y. Mar. 19, 2019) (quoting *United States v. Parcel of Prop.*, 337 F.3d 225, 236 (2d Cir. 2003)). Fenichel was, therefore, entitled to rely on Beam's statements to support probable cause. Accordingly, probable cause existed to arrest Plaintiff for narcotics sales on May 15th and Plaintiff's malicious prosecution claim necessarily fails.

II.     Second Claim for Relief: False Arrest

To prove a false arrest claim, a plaintiff is required to show that "the defendant intentionally confined him without his consent and without justification." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *see also Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007). Probable cause "is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006).

"Probable cause to arrest . . . exists when the officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Wierzbic v. Howard*, 836 Fed. App'x 31, 34-35 (2d Cir. 2020) (internal quotation marks omitted). This standard is an objective one and evaluates "the reasonable conclusion to be drawn from the facts known to the officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). This standard requires that a court consider "the totality of the circumstances and . . . be aware that probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks omitted). "The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers . . . ." *Weyant*, 101 F.3d at 852.

As discussed *supra*, probable cause existed to arrest Plaintiff on May 15th. Therefore, Plaintiff's false arrest claim likewise fails.

III. Fourth Claim for Relief: Violation of Right to a Fair Trial

The Due Process Clause guarantees a criminal defendant's right to a fair trial." *Frost*, 980 F.3d at 244. "This right is violated '[w]hen a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors.'" *Id*. (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)). To establish a fair trial claim based on fabrication of evidence, a plaintiff must show that "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Ganek v. Leibowitz*, 874 F.3d 73, 90 (2d Cir. 2017) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016)). "[U]nlike a malicious prosecution claim, 'a Section 1983 claim for the denial of a right to a fair trial based on an officer's provision of false information to prosecutors can stand even if the officer had probable cause to arrest the Section 1983 plaintiff.'" *Frost*, 980 F.3d at 244 (quoting *Garnett*, 838 F.3d at 277-78)).

Defendants challenge only the fifth element—whether Plaintiff suffered a deprivation of liberty as a result of the allegedly fabricated assault charge—on the basis that the resisting arrest charge, not the assault charge, is "the reason [Plaintiff] was in custody pending his indictment." (Def. Br. at 18-19). Defendants do not cite to any case law or record evidence in support of this argument. Nor has the Court found any support. In any event, Plaintiff contends that his appearance before the Poughkeepsie City Court on August 12, 2021, in connection with the assault charge, is sufficient to constitute a deprivation of liberty. (Pl. Br. at 13). Courts have found "that a post-arraignment defendant who is 'obligated to appear in court in connection with [criminal] charges whenever his attendance [i]s required' suffers a Fourth Amendment deprivation of liberty." *Swartz*

9

*v. Insogna*, 704 F.3d 105, 112 (2d Cir. 2013). Accordingly, Defendants' motion is denied as to Plaintiff's claim for violation of right to a fair trial.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED in part and DENIED in part. Plaintiff's malicious prosecution and false arrest claims are dismissed with prejudice. Plaintiff will proceed to trial on the following claims for relief: (i) the third claim for relief, excessive force against Fenichel; and (ii) the fourth claim for relief, violation of right to a fair trial against Beam and Fenichel.[4]

The parties are directed to meet and confer and comply with Rules 6(A) and 6(B) of the Court's Individual Practices (rev. June 23, 2023) by filing the documents required therein, which include a joint pretrial order, proposed joint *voir dire* questions, joint requests to charge, joint verdict form, and any motion *in limine*, on or before February 23, 2024. Opposition to any motion *in limine* is due by March 8, 2024.

A pretrial conference has been scheduled for May 9, 2024 at 3:30 p.m. to be held in Courtroom 520 of the White Plains courthouse.

The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 46.

**SO ORDERED:**

Dated:  White Plains, New York
        January 22, 2024

_____
PHILIP M. HALPERN
United States District Judge

---

[4] Defendants argue they are entitled to qualified immunity only as to the false arrest and malicious prosecution claims. (Def. Br. at 19-20; Reply at 5-6). Given the conclusions reached *herein* dismissing the false arrest and malicious prosecution claims with prejudice, the Court need not reach the issue of qualified immunity.